OPINION
{¶ 1} Appellant, American Economy Insurance Company, appeals the September 30, 2003 judgment entry, in which the Ashtabula County Court of Common Pleas granted judgment in favor of appellee Nichole M. Vedis ("Nichole") in the amount of $500,000.
 {¶ 2} On January 11, 2000, appellees, Nichole and Courtney Vedis ("Courtney"), were involved in a motor vehicle accident caused by Lexie Warner ("Warner"). Nichole is the mother of Courtney, who was three years old at the time of the accident. Nichole was operating her own car. Warner was insured under a personal automobile policy with Allstate Insurance Company ("Allstate") containing liability limits of $100,000 per person and $300,000 per accident.
 {¶ 3} At the time of the accident, Nichole was an employee of Brockway Industries, Inc. ("Brockway") in Painesville, Ohio; however, there is no evidence in the record as to whether or not Nichole was acting in the course and scope of her employment when the accident occurred. Further, she was not a specifically named insured on Brockway's policy with appellant. Appellant insured Brockway with a commercial automobile policy of insurance with liability limits of $1 million per accident. The policy dates covered a period from September 30, 1999 to September 30, 2000. On December 24, 2001, appellees brought suit against appellant seeking payment of underinsured motor (UIM) vehicle benefits because the damage incurred was not satisfied by Warner's coverage through Allstate.[1]
 {¶ 4} On December 19, 2002, appellant filed a motion for summary judgment. Thereafter, on December 24, 2002, appellees filed a motion for summary judgment. On January 3, 2003, appellant and appellees filed stipulations for purposes of summary judgment rulings. In an entry dated March 14, 2003, the trial court granted appellees' motion for summary judgment and denied appellant's summary judgment motion. The trial court found that Nichole was an insured under appellant's policy for purposes of uninsured and underinsured (UM/UIM) coverage.
 {¶ 5} A trial was held, and in an entry dated September 30, 2003, the parties stipulated that: (1) all claims against Warner were settled and dismissed with prejudice; (2) appellant's applicable policy referenced in the March 14, 2003 entry carried liability limits in the single amount of $1 million; and (3) the claims against Safeco were dismissed with prejudice, but all claims against appellant were properly subject to the trial court's order. Therefore, the September 30 entry resolved the issue as to damages sustained by appellees and disposed of all remaining parties. Appellant timely filed the instant appeal and now raises the following assignments of error:
 {¶ 6} "[1.] The trial court erred in applying the holdings ofScott-Pontzer and Ezawa to find [Nichole] to be an insured under [appellant's] policy of insurance as Scott-Pontzer andEzawa never were the law.
 {¶ 7} "[2.] The trial court erred in holding that the commercial auto coverage part of the policy issued by [appellant] was an automobile policy of insurance as defined by [R.C.] 3937.18(L).
 {¶ 8} "[3.] The trial court erred when it held that [Nichole] did not breach the terms and conditions of [appellant's] policy coverage by failing to give the required prompt notice of her claim."
 {¶ 9} Preliminarily, we note that summary judgment is appropriate when the moving party establishes the following: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come but to one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C).
 {¶ 10} If the moving party meets its initial burden under Civ.R. 56(C), then the nonmoving party has a reciprocal burden to respond, by affidavit or as otherwise provided in the rule, in an effort to demonstrate that there is a genuine issue of fact suitable for trial. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. If the nonmoving party fails to do so, the trial court may enter summary judgment against that party. Civ.R. 56(E).
 {¶ 11} An appellate court reviews a trial court's granting of summary judgment de novo. Brown v. Scioto Cty. Bd. of Commrs.
(1993), 87 Ohio App.3d 704, 711. The Brown court stated that "* * * we review the judgment independently and without deference to the trial court's determination." Id. An appellate court must evaluate the record "in a light most favorable to the nonmoving party." Link v. Leadworks Corp. (1992), 79 Ohio App.3d 735,741. In addition, a motion for summary judgment must be overruled if reasonable minds could find for the party opposing the motion. Id.
 {¶ 12} For its first assignment of error, appellant alleges that the trial court erred when it applied the holdings ofScott-Pontzer and Ezawa in finding that Nichole was an insured under the policy it issued since those cases never were the law. Appellant specifically contends that Nichole, as an employee of Brockway, a corporate named insured, was not acting within the course and scope of employment, and thus, is not an insured for purposes of UM/UIM coverage pursuant to Brockway's policy with appellant.
 {¶ 13} Subsequent to the trial court's decision, the Supreme Court decided Westfield Ins. Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849, in which it severely limited Scott-Pontzerv. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660 and overruled Ezawa v. Yasuda Fire Marine Ins. Co. of Am. (1999),86 Ohio St.3d 557.
 {¶ 14} In the instant matter, Brockway was listed as the named insured on the front of appellant's policy. The policy states that the language "you" and "your" refers to the named insureds throughout the policy.
 {¶ 15} Under the Scott-Pontzer theory, "you" has been extended to cover employees of a named corporation under the insurance policy. However, the Supreme Court of Ohio has limitedScott-Pontzer to apply only to employees acting in the course and scope of their employment. See Galatis, supra. Specifically, the Supreme Court has held "[a]bsent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." Galatis at ¶ 62. The Court further stated that, "where a policy of insurance designates a corporation as a named insured, the designation of `family members' of the named insured as `other insureds' does not extend insurance coverage to a family member of an employee of the corporation, unless that employee is also a named insured." Id.
 {¶ 16} In the case at bar, after carefully reviewing the record, there is no evidence therein as to whether Nichole was within the course and scope of employment at the time of the accident. Thus, it is unclear whether she was covered under the insurance policy issued to Brockway. If Nichole was not covered under the Brockway policy, appellees are not entitled to recovery under a Scott-Pontzer theory of liability. Furthermore, there is no need to determine whether an endorsement naming specific individuals as insureds removes the ambiguity surrounding who is covered under an insurance policy where a corporation is the only named insured. Therefore, because it appears from the evidence presented that Nichole's accident was unrelated to her employment, appellant's policy issued to Brockway does not provide coverage here. The judgment of the trial court entering summary judgment in favor of appellees was not proper.
 {¶ 17} However, because we are unable to conclude from the record whether or not Nichole was acting within the scope of her employment at the time of the accident, the matter must be remanded to the trial court for such a determination to be made pursuant to Galatis, supra. Appellant's first assignment of error has merit.
 {¶ 18} Appellant's second and third assignments of error will be addressed in a consolidated manner. In the second assignment of error, appellant claims that the trial court erred in holding that the commercial auto coverage part of the policy issued by appellant was an automobile policy of insurance as defined by R.C. 3937.18(L). Appellant posits that since the commercial liability policy did not specifically identify any motor vehicles to be covered under the policy, but merely identified certain "hired" and "non-owned" vehicles, the insurance policy is not a "motor vehicle liability policy of insurance" and is not subject to the mandatory UM/UIM coverage of R.C. 3937.18. Under the third assignment of error, appellant argues that the trial court erred when it held that Nichole did not breach the terms of appellant's policy by failing to give the required prompt notice of her claim. Appellant alleges that since Nichole failed to provide notice of her claim until one and one half years after the injury, the notice was an unreasonable delay and breach of the terms of the policy, and she is therefore barred from receiving UIM benefits if she fails to show that there was a lack of prejudice to appellant as a result of her breach.
 {¶ 19} Based on our resolution of appellant's first assignment of error, it is unnecessary to address the issues raised in appellant's second and third assignments of error. The trial court's decision should be reversed and remanded to determine whether Nichole was acting within the scope of her employment pursuant to Galatis, supra.
 {¶ 20} For the foregoing reasons, appellant's first assignment of error is welltaken, and appellant's second and third assignments of error are moot. The judgment of the Ashtabula County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this opinion.
Rice, J., concurs, Grendell, J., concurs in part, dissents in part, with Concurring/Dissenting Opinion.
[1] Appellees also brought suit against Safeco Property and Casualty Insurance Companies ("Safeco") and Warner. The claims against Safeco and Warner were settled and dismissed in the September 30, 2003 judgment entry. Warner's Allstate policy limits were paid to appellees during the trial court proceedings. Therefore, Safeco and Warner are not parties to this appeal.